IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARI BANALES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| R. POPERNIK CO., INC. | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Mari Banales, by and through her attorneys, hereby brings this complaint against R. Popernik Co., Inc. and states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This is an action for damages and equitable relief to redress the deprivation of rights secured to Mari Banales by virtue of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq., as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981A. Mrs. Banales brings this action within the relevant limitations period.

2. Defendant has unlawfully discriminated against Ms. Banales based upon her sex/gender.

3. In addition, Ms. Banales brings this suit to redress Defendant's violations of the Emergency Paid Sick Leave Act of the Families First Coronavirus Response Act of 2020, §5101 et seq., H.R. 2601, 116 Cong. (2020) ("FFCRA").

### JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's discrimination claims pursuant to the provisions of 28 U.S.C. § 1331 arising under 42 U.S.C. § 2000(e)-5. This Court has jurisdiction

over Plaintiff's FFCRA claim pursuant to 28 U.S.C. § 1331.

5. Venue is proper in this judicial district because the events and omissions giving rise to Plaintiff's claims have occurred in this judicial district.

## THE PARTIES

6. Plaintiff Mari Banales is a resident of Chicago, Illinois.

7. Defendant R. Popernik Co., Inc. ("Popernik") is an Illinois corporation duly organized and existing under the laws of the State of Illinois.

8. Defendant Popernik is an employer in an industry affecting commerce which employs more than fifteen (15).

## FACTUAL ALLEGATIONS

9. Plaintiff was employed by Defendant until October 5, 2020.

10. Plaintiff worked as a machine operator.

11. The job required Plaintiff to bend over to make adjustments to the machine she was operating.

12. After a few months, I noticed that Alfredo Sanchez and Omar would move from they were when I would bend over and watch me in a sexual way.

13. Plaintiff reported the incident to the company's management and signed a statement.

14. Plaintiff reported the incident because she felt Sanchez had been more aggressive than other times and she did not appreciate his comment.

15. Despite the fact that other female employees had complained about Sanchez he only got a warning.

16. Omar also caused problems for Plaintiff. He threw out her lunch on several occasions; threw out the items in her locker; and put trash in her locker.

17. Omar did not do this to any of the male employees.

18. Omar also made unwanted comments to Plaintiff like you look fine with black leggings and that shirt.

19. Plaintiff complained to Ron Popernik, a manager, about Omar's comments and Ron Popernik told Plaintiff that she should lower her shirt if she felt uncomfortable bending down.

20. Ron Popernik was aware of Omar's harassing behavior and did nothing.

21. On or around August 20, 2020, Omar was talking to Ron Popernik and said that Plaintiff was the problem. That her clothes drew attention to her body and that she was provoking the men with how she dressed.

22. Instead of stopping the conversation, Ron Popernik then asked all of Plaintiff's male co-workers if her was too provoking.

23. This caused Plaintiff great embarrassment.

24. Ron Popernik then told Plaintif that she had a 'different body' than other women. That she was 'bigger in certain places' or parts and that the men felt she was provoking them.

25. After Alfredo Sanchez was fired, Defendant's management started making new rules directed at Plaintiff and Veronica Jimenez, another female employee who Sanchez had harassed.

26. On August 20, 2020, the management made the rule against tight fitting clothing. No longer would leggings or tank tops be allowed.

27. This rule went against established rules and policies that had been put in place for worker safety.

28. The new rules were only enforced against Veronica Jimenez and Plaintiff. For example, Lorenza, a female employee, is still allowed to use leggings.

29. On October 2, 2020, Plaintiff requested October 5, 2020 because her child's school had closed due to COVID-19 safety protocols.

30. Plaintiff explained to Defendant's management that she needed the time off to care for her child.

31. Defendant denied her request.

32. Plaintiff missed work on October 5, 2020. That was the last day she was employed by Defendant.

33. On October 6, 2020, Plaintiff called Defendant's management and offered to work a half day in order to take her of her son. She was told there was no work.

34. Upon information and belief, Defendant's hired a new employee on October 9, 2020 who was hired to operate the machine Plaintiff had worked at.

35. On October 13, 2020, Plaintiff sent a text message requesting to return to work.

36. On November 6, 2020, Plaintiff visited the plant to request to be put on the schedule and was denied.

37. Plaintiff specifically requested time off under the FFCRA sending Defendant's management a link to the U.S. Department of Labor Families First Coronavirus Response Act page, but she was told she wasn't out because COVID-19.

## COUNT I
### Violation of Title VII for Unlawful Gender/ Sex Discrimination

38. Plaintiff hereby realleges and incorporates paragraphs 1-37 of this Complaint, as if fully set forth herein.

39. Title VII of the Civil Rights Act provides that "[i]t shall be an unlawful

4

employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

40. Defendants have engaged in a pattern and practice of sexual harassment and gender discrimination of Plaintiff.

41. Defendant's conduct toward Plaintiff by its agents and employees was performed intentionally and with malice and/ or was taken with reckless indifference to his federally protected rights.

42. As a proximate result of the foregoing facts, Plaintiff has suffered the loss of her job, lost wages, the value of lost benefits, incidental damages, pain and suffering in the form of emotional distress, anxiety, embarrassment and humiliation.

WHEREFORE, Plaintiff respectfully requests the entry of judgment in her favor and against the Defendant for unlawful violations of the gender/ sex discrimination portions of Title VII as follows:

      A. An order that Defendant discriminated against Plaintiff on the basis of his gender and perceived sexual orientation in violation of Title VII;

      B. Award of back pay, prejudgment interest, and damages for employment benefits that she would have received but for the discriminatory acts and practices of Defendant;

      C. Award of compensatory, consequential and punitive damages;

      D. Award reasonable attorneys' fees and costs incurred in this action;

      E. Order Defendant Mago to cease and desist from discriminating against Plaintiff on the basis of her gender and to cure any adverse personnel entries and/ or references to third parties;

      G. Order Defendant to adopt legally sufficient corrective procedures to cure gender/ sex discrimination;

  F. Award such other relief as this Court deems appropriate and just.

## COUNT II
### Violation of Title VII for Retaliation

43. Plaintiff hereby realleges and incorporates paragraphs 1-42 of this Complaint, as if fully set forth herein.

44. Plaintiff suffered from retaliation for complaining about discrimination in the

45. As a proximate result of the foregoing facts, Plaintiff has suffered from pain and suffering in the form of emotional distress, anxiety, embarrassment and humiliation.

WHEREFORE, Plaintiff respectfully requests the entry of judgment in her favor and against the Defendant violations of the anti-retaliation portions of Title VII as follows:

  A. An order that Defendant retaliated against Plaintiff in violation of Title VII;

  B. Award of back pay, prejudgment interest, and damages for employment benefits that she would have received but for the retaliatory acts and practices of Defendant;

  C. Award of compensatory, consequential and punitive damages;

  D. Order Defendant to cease and desist from retaliating against Plaintiff and to cure any adverse personnel entries and/ or references to third parties;

  E. Order Defendant to adopt legally sufficient corrective procedures to cure retaliation;

  F. Award reasonable attorneys' fees and costs incurred in this action;

  G. Award such other relief as this Court deems appropriate and just.

## COUNT III
### Violation of the FFCRA – Interference and Retaliation

46. Plaintiff hereby realleges and incorporates paragraphs 1-45 of this Complaint, as if fully set forth herein.

6

47. Effective April 1, 2020, the FFCRA provided for two weeks (80 hours) of paid leave through the Emergency Paid Sick Leave Act for employees who were unable to work for a qualifying reason under the Act.

48. Pursuant to Section 5 of the FFCRA, an employee qualifies for paid sick time if the employee is unable to work due to a need for leave because the employee "is caring for a child whose school or place of care is closed (or child care provider is unavailable) for reasons related to COVID-19."

49. Plaintiff was an eligible employee under the EPSLA.

50. On October 2, 2020, Plaintiff notified Defendant that she had to miss work because she did not have child care for her son.

51. As such, Plaintiff provided Defendant sufficient information for Defendant to determine that Plaintiff was entitled to paid leave under the EPSLA.

52. Defendant failed to provide Plaintiff with any information about her right to job-protected or paid leave.

53. Defendant violated the FFCRA when it terminated Plaintiff while on protected leave.

54. Defendant violated the FFCRA when it retaliated against Plaintiff by confirming its decision to terminate her for taking time off that was protected by the FFCRA.

55. Employers in violation of the FFCRA through the EPSLA are subject to the enforcement provisions set forth in the Fair Labor Standards Act.

WHEREFORE, Plaintiff respectfully requests the entry of judgment in his favor and against the Defendants for violations of the Families First Coronavirus Response Act as follows:

A. A judgment in the amount of all unpaid back pay for violations of the FFCRA;

B. Awarding liquidated damages in an amount equal to the amount of unpaid compensation found due;

C. Awarding prejudgment interest with respect to the amount of unpaid compensation;

D. Reasonable attorneys' fees and costs incurred in filing this action; and

E. Such other and further relief as this Court deems appropriate and just.

## JURY DEMAND

Plaintiff demands a trial by jury.

                                              Respectfully submitted,

Dated:  January 17, 2022                **MARI BANALES**

                                            By:  /s/Carlos G. Becerra
                                                  Attorney for Plaintiff

CARLOS G. BECERRA (ARDC #6285722)
Becerra Law Group, LLC
11 E. Adams St., Suite 1401
Chicago, IL 60603
Telephone: (312)957-9005
Facsimile: (888)826-5848
E-mail: cbecerra@law-rb.com

8